IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **ENRIQUE VALENZUELA JR. AND MARISELA VALENZUELA,** § § § | |
| *Plaintiffs*, § | |
| v. § | **CIVIL ACTION NO.** _____ |
| § | |
| **THE BANK OF NEW YORK MELLON AS TRUSTEE FOR THE CERTIFICATE HOLDERS, CWALT, INC., ALTERNATE LOAN TRUST 2007-22, MORTGAGE PASS THROUGH CERTIFICATES SERIES 2007-22,** § § § § § § § | |
| *Defendant*. § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant The Bank of New York Mellon as Trustee For The Certificate Holders, CW ALT, Inc., Alternate Loan Trust 2007-22, Mortgage Pass Through Certificates Series 2007-22 ("***Defendant***") hereby gives notice of the removal of the state court civil action described below. As grounds for the removal, Defendant respectfully states the following:

### I. INTRODUCTION

1. On January 10, 2018, Plaintiffs Enrique Valenzuela, Jr. and Marisela Valenzuela ("***Plaintiffs***") filed an Original Petition for Declaratory Judgment and Damages, numbered and styled as Cause No. 2018-DCL-00178, *Enrique Valenzuela, Jr. and Marisela Valenzuela v. The Bank of New York Mellon as Trustee For The Certificate Holders, CW ALT, Inc., Alternate Loan Trust 2007-22, Mortgage Pass Through Certificates Series 2007-22,* in the 103rd Judicial District Court of Cameron County, Texas (the "***Original Petition***").

2. In the Original Petition, Plaintiffs bring suit for breach of contract, fraud, and estoppel and seek injunctive relief to stop the foreclosure sale of the subject property.

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendant are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

## II. TIMELINESS OF NOTICE OF REMOVAL

4. Defendant has not been served with a citation in this matter. Accordingly, this Notice of Removal is timely.

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

### A. Complete diversity exists.

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Complete diversity exists because the Plaintiffs and Defendant are not citizens of the same state.

7. Plaintiffs are citizens of Texas.[1]

8. Defendant's citizenship for diversity purposes is that of Bank of New York Mellon Trust Company, National Association ("BONYM"). See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co., 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009) ("[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee.") (citing Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980) and Bass v. Int'l Bhd. of Boilermakers, 630 F.2d

---

[1] *See* Plaintiffs' Original Petition, ¶ 2.01.

1058, 1067 n.17 (5th Cir. 1980)).  BONYM is a national banking association. Under its articles of association, BONYM's main office is located in California. Therefore, BONYM was at the time the action was filed, and is currently, a citizen of California.  28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).  Likewise, Defendant is a California citizen for diversity purposes.

9. Therefore, as Plaintiffs are citizens of Texas and Defendant is a citizen of California, complete diversity among the parties exists.

### B. The amount in controversy exceeds $75,000.00.

10. In Plaintiffs' Original Petition, Plaintiffs seek injunctive relief to prevent the foreclosure sale of the subject property.[2] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[3]

11. When the object of the mortgagor's litigation is the protection of his entire property, the fair market value of the property is the proper measure of the amount in controversy.[4] In this instance, the value of the subject property, 2370 Calle Esplendida, Brownsville, Cameron County, Texas 78521, amounts to at least $771,621.[5] Therefore, based on the value of the relief sought by Plaintiffs in the Original Petition the amount in controversy exceeds $75,000.00.

---

[2] *See* Plaintiff's Original Petition, ¶ 3.

[3] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

[4] *Id.*

[5] *See* Cameron County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Cameron County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Cameron County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

## IV. VENUE

12. Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Brownsville Division, because this district and division includes Cameron County, Texas—the location of the pending state court action.[6]

## V. ADDITIONAL REQUIREMENTS

13. Written Notice of Removal will be provided to Plaintiffs and filed with the District Clerk of Cameron County, Texas.

14. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

15. In the event that Plaintiffs seek to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

16. Plaintiff did not demand a jury trial in the Original Petition.

17. WHEREFORE, having satisfied the requirements for removal, Defendant gives notice that Cause No. 2018-DCL-00178 originally filed in the 103rd Judicial District Court of Cameron County, Texas, has been removed to this Court.

---

[6] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(a)(1) (stating that the Houston Division of the Southern District includes Fort Bend County).

Respectfully submitted,

By: */s/ Cody P. Peterson*
**CODY P. PETERSON**
State Bar No. 24051188
**BARRY A. MCCAIN**
State Bar No. 24092787
**MCGLINCHEY STAFFORD, PLLC**
6688 North Central Expressway, Suite 400
Dallas, Texas 75206
Phone: 214-445-2445
Facsimile: 214-445-2450
cpeterson@mcglinchey.com
bmccain@mcglinchey.com

***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE AND NOTICE OF FILING

I certify that on February 23, 2018, this Notice of Removal was sent to the District Clerk of Cameron County, Texas, and that written notice of filing of the Notice of Removal was served via eFile.TXCourts.Gov upon counsel for Plaintiffs.

*/s/ Cody P. Peterson*
**CODY P. PETERSON**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2018, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system or by other means in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

Dennis Sanchez
State Bar No. 17569600
SANCHEZ WHITTINGTON & WOOD, LLC
3505 Boca Chica Blvd. Ste 100
Brownsville, Texas 78521
(956) 546-3731- Telephone
(956) 546-3765 and/or 546-3766 - Fax
dsanchez@southtexaslegal.com

*Counsel for Plaintiffs*

*/s/ Cody P. Peterson*
**CODY P. PETERSON**